**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

RUTH TAYLOR and ZACHARY TAYLOR,                    :
*on behalf of themselves and all others similarly*     :
*situated*,                                                        :
                                                                      :    Civil Action No. __3:17-cv-376__
                                     Plaintiffs,            :
                                                                      :
v.                                                                  :
                                                                      :
TRANS UNION, LLC,                                        :
                                                                      :
                                     Defendant.          :
_____ :

## CLASS ACTION COMPLAINT

COMES NOW Plaintiffs, RUTH TAYLOR and ZACHARY TAYLOR, ("Plaintiffs"), *on behalf of themselves and all others similarly situated*, by counsel, and for their Class Action Complaint against Defendant Trans Union, LLC ("Trans Union"), they allege as follows:

## PRELIMINARY STATEMENT

1.      Section 1681e(b) is one of the cornerstone provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Whenever a consumer reporting agency ("CRA") prepares a consumer report, § 1681e(b) requires the CRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b). This section imposes a high standard on CRAs. *See, e.g., Burke v. Experian Info. Sols., Inc.*, 2011 WL 1085874, at *4 (E.D. Va. Mar. 18, 2011) (breaking down the requirements of § 1681e(b), and explaining that " 'assure' means 'to make sure or certain: put beyond all doubt,'" "'[m]aximum' means the 'greatest in quantity or highest degree attainable[,]' and 'possible' means something 'falling within the bounds of what may be done,

occur or be conceived'" (quoting *Webster's Third New International Dictionary* 133, 1396, 1771 (1993)).

2.      This consumer class action challenges Trans Union's uniform policy and procedure associated with its erroneous and systematic reporting of debts discharged in bankruptcy as due and owing. This practice negatively impacts consumers' credit scores, reputations, and deprives consumers of their important statutory right to have only maximally accurate information reported about them.

## JURISDICTION

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

4.      Venue is proper in this District and Division because a substantial part of the events and omissions giving rise to the claim occurred in this District and Division.

## PARTIES

5.      Plaintiff Ruth Taylor is a natural person, resident of the Richmond Division, and a "consumer" as defined by 15 U.S.C. §1681a(c).

6.      Plaintiff Zachary Taylor is a natural person, resident of the Richmond Division, and a "consumer" as defined by 15 U.S.C. §1681a(c).

7.      Trans Union is a foreign limited liability company authorized to do business in the Commonwealth of Virginia. Trans Union is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f).

## FACTS
### *Plaintiffs' Experience*

8.      On or around April 27, 2016, Plaintiffs applied for a mortgage loan with NVR, Inc. ("NVR").

9.     Rather than ordering credit reports directly from each of the "Big 3" credit reporting agencies, NVR requested a copy of Plaintiffs' credit reports from Corelogic Credco, LLC ("Corelogic")—a "reseller" of consumer reports as defined by § 1681a(u) of the FCRA.

10.     Corelogic receives discounted credit reports from Experian, Equifax, and Trans Union and assembles that information into a "tri-merge report" for the purpose of reselling that information to lenders like NVR.

11.     On April 27, 2016, Trans Union furnished a credit report concerning Plaintiffs to Corelogic, who assembled and merged this information into the tri-merge report furnished by Corelogic to NVR.

12.     The credit information furnished by Trans Union contained grossly inaccurate information regarding Plaintiffs that contributed to their inability to qualify for a mortgage.

13.     In particular, Trans Union reported that Plaintiffs had an outstanding mortgage with J.P. Morgan Chase Bank ("Chase") in the amount of $27,470. The Chase account was also reporting with a past due amount of $2,877.

14.     Additionally, Trans Union reported that Mr. Taylor had an open credit card with First National Bank with a past due balance of $637.

15.     This information was inaccurate—Plaintiffs received a bankruptcy discharge in March of 2014 from the United States Bankruptcy Court for the Eastern District of Virginia.

16.     As a result of their bankruptcy, the debts with Chase and First National Bank were discharged.

17.     Trans Union knew or should have known that the accounts with Chase and First National Bank were discharged in bankruptcy because both accounts contained status notations indicating that the accounts were "included in bankruptcy."

18.    Additionally, Trans Union was reporting that both Plaintiffs had obtained a Chapter 13 Bankruptcy discharge on March 27, 2014.

19.    The Consumer Data Industry Association ("CDIA"), of which Trans Union is a member, is "an international trade association with over 110 corporate members, [which] strives to educate consumers, media, legislators and regulators about the benefits of the responsible use of consumer data."[1]

20.    The CDIA publishes a manual that advises its members of the correct way to report a Chapter 13 Bankruptcy that has been discharged or completed. Specifically, it states that the Current Balance and Past Due Balance should both be reported as "Zero." *See* Consumer Data Industry Association, *2011 Credit Reporting Res. Guide* 6-19 (2011), http:// robertweed.com/ resources/ 2011_ Credit_ Reporting_ Resource_ Guide.pdf.

### *Trans Union's Procedures and Notice Regarding Bankruptcy Inaccuracies*

21.    Trans Union has a long history of government enforcement actions, consumer complaints, and lawsuits establishing that it inaccurately report information related to debts discharged in bankruptcy. *See, e.g., White v. Experian Info. Sols., Inc.*, Case No. 8:05-cv-01070 (C.D. Cal.); *Acosta v. Trans Union*, 243 F.R.D. 377, n.3 (C.D. Cal. 2007) (citing a bankruptcy lawyer's survey of approximately 900 clients that found that 64% of reports published by Trans Union erroneously listed one or more discharged debts as due and owing).

22.    Despite the frequent inaccuracies related to accounts discharged in bankruptcy, Trans Union continues to maintain unreasonable procedures regarding the manner in which it publishes bankruptcy related information.

---

1 *About CDIA*, CDIA: Consumer Data Industry Association, https://www.cdiaonline.org/about/ (last visited May 15, 2017).

23.     If Trans Union had reasonable procedures (or, perhaps, any procedure) to assure maximum possible accuracy, Trans Union would have easily determined that these accounts were discharged in bankruptcy.

24.     Trans Union should have been alerted to the inaccuracy of its report because the public records section of Plaintiffs' credit reports indicated that the accounts were discharged in bankruptcy as of March 27, 2014.

25.     Moreover, Trans Union should have been alerted that the information it reported was inaccurate because the remarks section of each account indicated that the accounts were "included in bankruptcy." This should have been a red flag that the information reported by Trans Union was inaccurate.

26.     However, upon information and belief, despite the abundance of notice available regarding the frequent errors in its bankruptcy related credit information, Trans Union does not independently review the information it receives from its furnisher customers such as Chase or First National Bank.

27.     Instead, Trans Union merely parrots the bankruptcy information it receives from furnishers without taking any additional steps to ensure that the accounts are updated after a consumer receives a discharge.

28.     Upon information and belief, Trans Union has actual knowledge of the problems associated with its systematic erroneous reporting of one or more discharged debts as due and owing, yet Trans Union deliberately ignores such problems because reviewing and/or cross-checking the data would reduce its bottom line.

29.     At all times relevant hereto, Trans Union's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without

limitation, Trans Union's conduct was willful because it ran a risk of harm that was known, or so obvious it should have been known, by failing to implement any procedure to identify and correct these common errors prior to furnishing reports.

30.     Moreover, Trans Union failed to adopt any procedures despite the fact that its sources have been subject to court decisions critical of similar conduct. *White*, Case No. 8:05-cv-01070; *Acosta*, 243 F.R.D. 377, n.3; *see also* Federal Trade Comm., 40 Years of Experience with the Fair Credit Reporting Act, an FTC Staff Report with Summary of Interpretations, July 2011, at 67 ("However, when a CRA learns or should reasonably be aware of errors in its reports that may indicate systematic problems (by virtue of information from consumers, report users, from periodic review of its reporting system, or otherwise), it must review its procedures for assuring accuracy and take any necessary steps to avoid future problems. Similarly, it should establish procedures to avoid reporting information from its furnishers that appears implausible or inconsistent.").

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### Class Claim

31.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

32.     Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this action individually and on behalf of a class initially defined as follows:

> All natural persons who were the subject (1) of a consumer report furnished by Trans Union to a third party where (2) the public record section of its consumer report indicated that the consumer had received a Chapter 13 bankruptcy discharge and (3) the report nonetheless indicated an outstanding balance or a past due amount on an account that was notated as included in the bankruptcy.

33.     **Numerosity**. Upon information and belief, Plaintiffs allege that the 1681e(b) class is so numerous that joinder of the claims of all class members is impractical. The names and

addresses of the class members are identifiable through documents maintained by Trans Union, and the class members may be notified of the pendency of this action by publication or mailed notice.

34.    **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all putative class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include: (a) whether Trans Union had reasonable procedures to assure that it did not erroneously list one or more discharged debts as due and owing and/or past due; (b) whether this conduct constituted a violation of the FCRA; and (c) whether the violations were negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of Plaintiffs and putative class members.

35.    **Typicality**. Plaintiffs' claims are typical of the claims of each putative class member, and all are based on the same facts and legal theories. Plaintiffs, as every putative class member, allege a violation of the same FCRA provision, 15 U.S.C. §1681e(b). This claim challenges the credit reporting procedures of Trans Union and does not depend on any individualized facts. For purposes of class certification, Plaintiffs seek only statutory and punitive damages. Such damages are appropriate in circumstances such as this where injuries are particularized and concrete but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate. In addition, Plaintiffs are entitled to the relief under the same causes of action as the other members of the class.

36.    **Adequacy**. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling actions involving unlawful practices against consumers and class actions.  Neither Plaintiffs nor their counsel have any interests that

might cause them not to vigorously pursue this action. Plaintiffs are aware of their responsibilities to the putative class and have accepted such responsibilities.

37.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.    As alleged above, common legal and factual questions of the class predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual issues. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Trans Union's conduct. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences of proof in the case.

b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers affected by Trans Union's conduct described above are likely unaware of their rights under the law or of whom they could find to represent them in federal litigation. Individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time. One win for one consumer would set the law for every similarly situated consumer.

38.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer

reports it furnished regarding Plaintiffs and the putative class members by erroneously listing one or more discharged debts as due and owing and/or past due where it was apparent that the consumer had received a bankruptcy discharge.

39.     Trans Union's violation of 15 U.S.C. § 1681e(b) was willful, rendering Trans Union liable pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

40.     Plaintiffs and the putative class members are entitled to recover statutory damages, punitive damages, costs, and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiffs move for class certification and for judgment against Trans Union, as alleged for statutory damages and punitive damages; for equitable and injunctive relief; for actual, statutory, and punitive damages for their individual claims; for attorneys' fees and costs; and such other specific or general relief the Court finds appropriate.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,
**RUTH TAYLOR and ZACHARY TAYLOR**

By:____/s/ Kristi C. Kelly_____
Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
KELLY & CRANDALL, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167 Facsimile
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com

Leonard A. Bennett, VSB No. 37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, Virginia 23601
Tel:    757-930-3660

Fax:    757-257-3450
Email: lenbennett@clalegal.com

Emily Connor Fort, VSB #83889
Mark C. Leffler, VSB #40712
Boleman Law Firm, P.C.
2104 W. Laburnum Ave., Suite 201
Richmond, VA 23227
Telephone: (804) 358-9900
E-mail: ecfort@bolemanlaw.com

*Counsel for Plaintiffs*